

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00689-CV

**TEN THOUSAND FIVE HUNDRED SIXTY-TWO DOLLARS AND NINETY-SIX CENTS ($10,562.96) UNITED STATES CURRENCY AND CERTAIN PROPERTY**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-14694
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  September 28, 2016

AFFIRMED

Lonnie Ray Hines, owner of Ten Thousand Five Hundred Sixty-Two Dollars and Ninety-Six Cents ($10,562.96) in United States Currency (the "Currency"), appeals the trial court's judgment awarding the Currency to the State of Texas, as contraband subject to forfeiture under Chapter 59 of the Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. arts. 59.01-.14 (West 2006 & Supp. 2016).  We overrule appellant's issues on appeal, and affirm the trial court's judgment.

**ANALYSIS**

The State filed an Original Notice of Seizure and Intended Forfeiture of the Currency and Other Certain Property against appellant on September 16, 2014. The State alleged that the Currency and personal property were seized pursuant to a lawful search warrant and were subject to forfeiture as contraband that was: (1) used or intended to be used in the commission of the felony drug offense of delivering, manufacturing and/or possessing a controlled substance, to-wit: cocaine and marijuana, and/or the felony offense of money laundering; (2) proceeds gained from commission of such felony offenses; and/or (3) acquired with such proceeds. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01(2)(B)(i),(iv), (C), (D) (West Supp. 2016). A report of seizure listing the seized currency and other property was attached to the State's forfeiture petition in accordance with article 59.04(b). *Id.* art. 59.04(b) (West Supp. 2016). The record reflects that appellant filed an Answer and General Denial in response to the State's Notice of Seizure and Intended Forfeiture on September 29, 2014. Irma Hines intervened in the forfeiture suit as owner of the personal property seized. One year later, an Agreed Final Judgment was entered awarding the Currency to the Bexar County Criminal District Attorney's Office, an agency of the State of Texas, and awarding the seized personal property to Irma Hines. The agreed judgment was approved by counsel for the State and by the attorney representing appellant and intervenor Irma Hines. The judgment recites, "[a]ll Parties agree to waive any and all rights to appeal this Agreed Final Judgment." Appellant thereafter filed a pro se notice of appeal.

Proceeding pro se on appeal, appellant argues that the State violated his right to due process by seizing the Currency (i) without providing proper notice and (ii) without establishing a substantial connection between the Currency and the criminal activity. *See* TEX. CONST. art. I, § 19. As pointed out by the State, appellant did not raise either of these due process complaints in the trial court, and therefore did not preserve them for review. *See* TEX. R. APP. P. 33.1(a) (as a

prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (due process argument must be raised in the trial court to be preserved for appellate review).

Even if preserved, appellant's arguments would fail on their merits. As his first issue, appellant asserts he did not have the chance to answer because notice was never sent to him by the government. However, as noted above, the record contains appellant's Answer and General Denial filed in response to the State's forfeiture petition, which indicates appellant had notice of the State's seizure and intent to forfeit the Currency. As his second issue, appellant asserts there is "no direct evidence" that the Currency was derived from or intended for use in the manufacture, delivery, sale, or possession of a controlled substance. The record contains the seizing officer's sworn statement that he executed the search warrant at appellant's residence and found appellant in the kitchen "attempting to swallow Crack Cocaine;" seized 7.0 grams of Crack Cocaine, a digital scale, and a loaded handgun in the kitchen; seized 90.0 grams of marijuana in a filing cabinet in the dining room; seized another handgun and $9,917.96 cash in a safe in appellant's bedroom; and seized $645.00 cash from appellant's pocket. The officer further averred that appellant is unemployed, and stated that appellant receives currency and other valuable items in exchange for narcotics. The officer's affidavit provides sufficient evidence to support the forfeiture of the Currency. *See* TEX. CODE CRIM. PROC. ANN. art. 59.05(b) (West 2006) (State's burden in forfeiture suit is preponderance of the evidence).

Based on the foregoing reasons, we affirm the trial court's judgment.[1]

Rebeca C. Martinez, Justice

---

[1] Appellant filed a "Motion to Expand the Record" with copies of an unsigned 2011 federal tax return and an "IRS Tax Return Transcript" for the years ending December 31, 2012 and December 31, 2013. None of these documents appear in the clerk's record and there is no indication they were ever filed in the trial court. Our review on appeal is restricted to the contents of the appellate record which consists of the documents filed in the trial court and the transcript of any hearings held in the trial court. TEX. R. APP. P. 34.1.